UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:23CR00197 (SRU) |
| | : | |
| v. | : | |
| | : | |
| ALEXANDER DILELLA | : | March 19, 2024 |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
### TO FILE HIS ENTIRE SENTENCING MEMORANDUM UNDER SEAL

The United States objects to the defendant's request to file his entire sentencing memorandum under seal. Before sealing any document subject to the First Amendment right of access, Local Criminal Rule 57(b)(3)(B) requires the Court to make "particularized findings on the record demonstrating that sealing is essential to preserve compelling interests, and that sealing in whole or in part is narrowly tailored to serve those interests."

The United States agrees that certain portions of the defendant's sentencing memorandum contain sensitive and medical information that meet the standard under Rule 57, but there are substantial portions of the memorandum that do not meet that standard. Specifically, there is no basis to seal the following portions of the memorandum:

- The paragraph on page 8 discussing the defendant's work history and activities unrelated to the crimes of conviction;

- The "Nature and Circumstances of the Offense" section on pages 8 through 10;

- The "Legal Analysis" section discussing the legal standards to be applied on pages 10 and 11;

- The section on pages 12 to 14 titled, "The Court should not defer to the Guidelines, [sic] because they are flawed."

- The section on pages 15 to 18 titled, "The Court should depart or vary downward pursuant to *Mishoe*."[1]

The defendant's request to seal his entire sentencing memorandum must be balanced by the rights afforded to victims under the Crime Victims' Rights Act, 18 U.S.C. § 3771. As this Court is aware, there are more than ten victims of the defendant's crimes, some of whom have made restitution requests and have submitted victim impact statements. These victims are entitled to know what sentence the defendant is seeking and the basis for his arguments, and they have the right to respond to those arguments in their victim impact statements if they so desire. Moreover, in seeking to seal his entire memorandum, the defendant's request is not narrowly tailored. The defendant should be required to file a public version of his sentencing memorandum and redact only those portions of his memorandum that related to sensitive and medical information. This reasonable solution creates a fair balance by allowing the defendant to seal the sensitive portions of his memorandum while also providing the victims, along with the public as a whole, access to the non-sensitive portions.

Respectfully submitted,

VANESSA ROBERTS AVERY
UNITED STATES ATTORNEY

/s/ Angel M. Krull
ANGEL M. KRULL
Assistant United States Attorney
157 Church Street, 25th Floor
New Haven, CT 06510
Federal Bar No. phv11042
(203) 821-3700
Angel.Krull@usdoj.gov

---

[1] There are certain words or phrases in this section that may need redacting, but the vast majority of these four pages have no basis for redacting.